IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

JUSTIN DANIEL HULGAN,

        Defendant.

CRIMINAL ACTION FILE
NO. 4:13-CR-028-03-HLM-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Motions to Dismiss Count Two for Improper Venue [32, 39]. For the reasons explained below, the undersigned **RECOMMENDS** that said Motions be **DENIED**.

### I.   THE INDICTMENT

On May 21, 2013, the Grand Jury returned an Indictment [1] against defendants Justin Daniel Hulgan, Gerald Young, and Rodney Strachan, charging them with conspiracy to distribute oxycodone. (See Indict., Count One.) The Grand Jury charged defendant Hulgan alone in Count Two, which alleges as follows:

> On or about March 4, 2010, in the Northern District of Georgia, the defendant, JUSTIN DANIEL HULGAN, did knowingly possess with the intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(Id., Count Two.)

## II.    CONTENTIONS OF THE PARTIES

Mr. Hulgan contends that the oxycodone that comprises the basis for Count Two was prescribed by a doctor in Tennessee; the prescription was filled in Tennessee; and the possession of the oxycodone, before being seized, was in Tennessee. (Supp. Mot. to Dismiss 1.) As support for that contention, defendant attached to his Supplemental Motion an Exhibit A [39-1], which is a report prepared by the Sheriff's Department in Hamilton County, Tennessee, reflecting the March 4, 2010, stop of a red Dodge Caravan in which he was riding and its subsequent search, which revealed oxycodone.

The Government responds that, while all of the defendant's contentions may be accurate, they ignore the fact that agents observed Mr. Hulgan sell oxycodone while in the Northern District of Georgia. (Gov't Resp. to Def.'s Supp. Mot. to Dismiss [45] 5.) In a multi-page summary of police reports, the Government shows that Drug Enforcement Administration ("DEA") agents organized a controlled purchase of oxycodone from Will Bolleen using a confidential source ("CS") for March 4, 2010. After Mr. Bolleen informed the CS that his primary source of supply was unavailable, the two of them traveled to the parking lot of a Golden Corral

2

restaurant in Fort Oglethorpe, Georgia (which is in the Northern District), to meet his secondary source. At this location, Mr. Bolleen got out of the CS's vehicle, met with Mr. Hulgan, re-entered the CS's vehicle, and then provided the CS with oxycodone that he had obtained from Mr. Hulgan. Further surveillance of Mr. Hulgan revealed that he departed for Chattanooga, where he became a passenger in the red Dodge Caravan that was later stopped by deputies with the Hamilton County Sheriff's Department. Mr. Hulgan was found in possession of $125 that DEA agents had provided to the CS before the transaction. (Id. at 2-4.)

### III.   ANALYSIS

"The right of a criminal defendant to be tried in the state and district in which the crime was committed is guaranteed by Article III of and the Sixth Amendment to the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure." United States v. Brunty, 701 F.2d 1375, 1380 (11th Cir. 1983). This right, however, is qualified by statute, which provides that an offense "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

3

Here, a CS, through an unwitting individual (Mr. Bolleen), purchased oxycodone from Mr. Hulgan in a transaction that took place in Georgia. The fact that Mr. Hulgan was later found in Tennessee in possession of $125 that DEA agents had provided to the CS before the transaction does not change the fact that the Government can establish that the criminal act alleged in Count Two of the Indictment occurred in the Northern District of Georgia. Therefore, the Motions to Dismiss must be denied.

## IV.   CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that the Motions to Dismiss Count Two for Improper Venue [32, 39] be **DENIED**.

**SO RECOMMENDED**, this 6th day of September, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)